IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**  ) | |
|  ) | |
| **vs.**  ) | **CRIMINAL NO.  05-00266-WS** |
|  ) | |
| **JASON WATSON,**  ) | |
|  ) | |
| **Defendant.**  ) | |

**ORDER**

    This matter is before the Court on the defendant's motion to sever. (Doc. 140). The government has filed a response, (Doc. 157), and the defendant has elected to file no reply. (Doc. 149). After carefully considering the foregoing materials, the Court concludes that the motion to sever is due to be denied.

    The defendant is named in Counts One, Twenty-One, and Twenty-Two of the 24-count indictment. Count One charges the defendant, along with each of his co-defendants, with conspiring with intent to distribute powder cocaine and crack cocaine. (Doc. 1 at 1-2). Counts Twenty-One and Twenty-Two charge the defendant with possession with intent to distribute crack cocaine. (*Id*. at 11-12). The remaining counts charge various other defendants with possession with intent to distribute powder cocaine and/or crack cocaine. The defendant's perfunctory, one-sentence motion argues that the substantive counts against his co-defendants "involve activity that was not ... part of the same common scheme or plan as the activity involved in the remaining counts." (Doc. 140).

    The defendant's motion contains no legal citation, but the quoted language tracks Federal Rule of Criminal Procedure 8(a), which states that "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged ... are connected with or constitute parts of a common scheme or plan." Because the defendant is not in fact challenging the joinder of charges against him but the joinder of charges against him with those against other defendants, the Court concludes that he is attempting to invoke Rule 8(b). That rule provides that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R.

Crim. P. 8(b).

"Rule 8 is broadly construed in favor of the initial joinder. ... The question of whether initial joinder is proper under Rule 8(b) is to be determined before trial by examination by the trial court of the allegations stated on the face of the indictment." *United States v. Weaver*, 905 F.2d 1466, 1476 (11th Cir. 1990)(internal quotes omitted). "[J]oinder of offenses and defendants under Fed. R. Crim. P. 8(b) is proper where, as here, an indictment charges multiple defendants with participation in a single conspiracy and also charges some but not all of the defendants with substantive counts arising out of the conspiracy." *United States v. Day*, 405 F.3d 1293, 1297 (11th Cir. 2005)(internal quotes omitted). Because the indictment charges that multiple defendants engaged in a single conspiracy and also charges various defendants with substantive counts arising out of the conspiracy, joinder is proper under Rule 8(b). The defendant's complaint that "the discovery materials provided by the Government" suggest otherwise, (Doc. 240), is simply irrelevant, as the Court's consideration under Rule 8 is limited to the terms of the indictment itself.[1]

Rule 14 allows severance if joinder "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). The defendant has neither invoked Rule 14 nor alleged prejudice. Accordingly, he cannot obtain relief under this rule.

DONE and ORDERED this 28th day of November, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] Based on the government's brief, the assertion also appears incorrect.